UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UL LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>REBECCA RYNDERS and ZIMPLEX INC.<br><br>        Defendants. | No. 1:15-cv-703-TLN-SAB<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER** |

This matter is before the Court on Plaintiff UL LLC's ("Plaintiff") Application for Temporary Restraining Order (ECF No. 2). The Court has carefully considered Plaintiff's motion. For the reasons set forth below, Plaintiff's application for temporary restraining order is hereby GRANTED.

**I.    FACTUAL BACKGROUND**

Plaintiff is a global independent safety science company that offers certification, validation, testing, inspection, advising, training, and auditing services for a variety of industries around the globe. (Compl., ECF No. 1 at ¶ 14.) Plaintiff owns the well-known UL-in-a-circle certification mark and variations thereof ("UL Certification Marks"). (ECF No. 1 at ¶ 15.) Plaintiff also owns the service mark UL ("UL Service Mark"). (ECF No. 1 at ¶ 15.) Plaintiff has been providing testing reports and certifying products that conform to UL's Standards for Safety

1  since at least 1906 and have continually used the UL Service Mark in interstate commerce.  (ECF
2  No. 1 at ¶ 16.)
3       Plaintiff's complaint alleges that Defendants Rebecca Rynders and Zimplex Inc.
4  ("Defendants") have adopted and began using a mark that is identical to or substantially
5  indistinguishable from the UL Certification Marks (the "Counterfeit Mark") to falsely suggest
6  that their goods have been tested and certified by UL.  (ECF No. 1 at ¶ 35.)  Specifically,
7  Defendants are using a Counterfeit Mark on flame-resistant garments, when in fact those
8  garments have never been tested or otherwise certified as flame-resistant by UL.  (ECF No. 1 at ¶
9  35.)  Plaintiff alleges that Defendants have sold these garments bearing a Counterfeit Mark to
10 companies employing industrial workers who need protection from flash fires.  (ECF No. 1 at ¶
11 36.)  Defendants arranged for the importation of these garments from China, as well as the sale of
12 the garments bearing a Counterfeit to at least one oilfield services company in Bakersfield,
13 California.  (ECF No. 1 at ¶ 36.)  Defendants have sold these garments bearing a Counterfeit
14 Mark to additional customers who have in turn equipped their employees with garments that bear
15 counterfeit labels and are not, in fact, tested or certified by Plaintiff.  (ECF No. 1 at ¶ 36.)
16      Pursuant to Federal Rule of Civil Procedure 65, as well as 15 U.S.C. § 1116(d), Plaintiff
17 has moved this Court for: (a) an ex parte seizure order pursuant to 15 U.S.C. § 1116(d); (b) a
18 temporary restraining order; (c) expedited discovery; and (d) an order to show cause why a
19 preliminary injunction should not be entered.  (Temp. Restraining Order Application, ECF No. 2.)
20      **II.     LEGAL STANDARD**
21      A temporary restraining order is an extraordinary and temporary "fix" that the court may
22 issue without notice to the adverse party if, in an affidavit or verified complaint, the movant
23 "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant
24 before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).  The purpose of
25 a temporary restraining order is to preserve the status quo pending a fuller hearing.  *See* Fed. R.
26 Civ. P. 65.  It is the practice of this district to construe a motion for temporary restraining order as
27 a motion for preliminary injunction.  Local Rule 231(a); *see also Aiello v. One West Bank*, No.
28 2:10–cv–0227–GEB–EFB, 2010 WL 406092 at *1 (E.D. Cal. Jan. 29, 2010) ("Temporary

restraining orders are governed by the same standard applicable to preliminary injunctions.") (internal quotation and citations omitted).

Therefore, the party requesting injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), they are not immune from the Federal Rules of Civil Procedure. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995). The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. *Caribbean Marine Serv. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits of the case are raised and the balance of hardships tips sharply in plaintiff's favor. *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after *Winter*).

### III.   ANALYSIS

The Court first turns to Plaintiff's likelihood of success on the merits. Plaintiff has provided this Court with proof of ownership of Plaintiff's Certification and Service Marks which Plaintiff alleges it has used in interstate commerce since 1906. Thus, Plaintiff has the exclusive right to use such marks, and any use by Defendants would be fraudulent and in violation of the Lanham Act. Therefore, Plaintiff has shown a likelihood of success on the merits of this case.

As to the second requirement, the likelihood of Plaintiff suffering irreparable harm in the absence of preliminary relief, the Court finds that this factor also weighs in favor of granting relief. Flame-resistant garments are an important component of industrial workplace safety. The nature of the products that are allegedly being counterfeited create a likelihood of irreparable

harm for both Plaintiff and the consumer.  Here, the products are flame resistant garments.  A worker who is subjected to a flash fire while wearing non-compliant clothing can actually experience more severe injuries than if he or she had not been clothed at all.[1]  Thus, if a consumer were to be injured while wearing the counterfeit garments, he or she would be injured and would equate that injury to Plaintiff.  These results would not only cause the consumer injury but also tarnish the Plaintiff's reputation.

For the same reasons, the third factor, the balance of equities, and the fourth factor, the public interest, also weigh in favor of granting injunctive relief.  The balance of equities supports protecting both Plaintiff's brand and the consumers who rely upon its certification.  Moreover, the public's interest is benefited by preventing consumers from being misled and possibly injured by counterfeit products.

**IV.    CONCLUSION**

For the above reasons, Plaintiffs' Application for Temporary Restraining Order (ECF No. 2) is hereby GRANTED.  The Court defers judgment as to whether a seizure of the alleged counterfeits, pursuant to 15 U.S.C. § 1116(d), should be ordered and thus hereby orders that Defendants show cause in writing within fourteen (14) days from the entry of this order as to why the goods should not be seized and why a preliminary injunction should not be entered.

IT IS SO ORDERED.

Dated:  May 8, 2015

Troy L. Nunley
United States District Judge

---

[1] For example, a worker's clothing might melt or stick to the burned skin, or it might continue to burn itself thereby adding to the original injury.

4