UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UL LLC, | CASE NO. 1:15-cv-703-TLN-SAB |
| Plaintiff, | |
| v. | STIPULATED PRELIMINARY INJUNCTION AND ORDER FOR EXPEDITED DISCOVERY |
| Rebecca Rynders aka Rebecca Zhu, and individual, and Zimpex Inc., a California Corporation, and John Does 1-20, individuals, | |
| Defendants. | |

**STIPULATED PRELIMINARY INJUNCTION AND ORDER FOR EXPEDITED DISCOVERY**

Plaintiff UL LLC, and Defendants Rebecca Rynders aka Rebecca Zhu and Zimpex Inc. ("Defendants"), hereby stipulate and agree as follows:

1. UL moved for a temporary restraining order, preliminary injunction, seizure order, and expedited discovery pursuant to Federal Rule of Civil Procedure 65 and the Lanham Act, 15 U.S.C. §§ 1051, *et seq.* as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 (the "Lanham Act"). The Court granted UL's motion on May 8, 2015 and entered a temporary restraining order on May 11, 2015.

2. Defendants stipulate and agree to the entry of a preliminary injunction, as set forth below, and stipulate and agree to the immediate turnover of goods bearing counterfeit UL marks and documents relating to goods bearing counterfeit UL marks, and corresponding expedited discovery, as set forth below.

THEREFORE, IT IS HEREBY ORDERED that:

(a) Defendants, their officers, agents, servants, employees, and any persons in active concert or participation with them, are hereby enjoined and restrained from:

    (i) using the UL Marks or any reproduction, counterfeit, copy or colorable imitation of the UL Marks in connection with the manufacture, advertisement, offer for sale and/or sale of merchandise not authorized by UL, or in any manner likely to cause others to believe that the Counterfeit Products are connected with UL or the genuine UL Marks; and

    (ii) passing off any labels or other goods that are not authorized UL Marks, as and for the UL Marks; and

    (iii) committing any other acts calculated to cause purchasers to believe that Defendants' products bear authorized UL Marks unless they are such; and

(iv) shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner labels or other items falsely bearing the UL Marks, or any reproduction, counterfeit, copy or colorable imitation of same;

(b) moving, destroying, or otherwise disposing of any products, labels, or other items, merchandise or documents bearing, relating to or used for reproducing the UL Marks or any reproduction, counterfeit, copy or colorable imitation thereof; or

(c) removing, destroying or otherwise disposing of any computer tapes or disks, business records or documents relating in any way to the manufacture, acquisition, purchase, distribution, offering for sale or sale of goods bearing the UL Marks or any reproduction, counterfeit, copy or colorable imitation thereof.

IT IS FURTHER ORDERED that nothing in this order shall prevent the parties from reaching agreement as to storage, transportation, testing, or other disposition of the counterfeit goods.

IT IS FURTHER ORDERED that,

(a) Defendants shall immediately turn over to their counsel:

(i) All goods or merchandise in Defendants' possession, custody, or control, bearing or intended to bear any counterfeit, copy, or substantially indistinguishable imitation of one or more of the UL Marks;

(ii) All means of making any counterfeits, copies, or substantially indistinguishable designations of or for any UL Marks; and

(iii) All records documenting or reasonably appearing to document or relate to the manufacture, testing, certification, sale, offer for sale, distribution, or receipt of any goods or services in association with the UL Marks.

(b) Defendants' counsel shall make all documents and things set forth above available for inspection and copying no later than June 3, 2015;

(c) Defendants shall identify all customers who received products bearing UL Marks from Defendants, including the dates, quantities, descriptions, customer name, customer address, and all other pertinent information for each transaction involving products bearing UL Marks, no later than May 25, 2015;

(d) Defendants shall identify their supplier(s) of all products bearing UL Marks, including the dates, quantities, descriptions, supplier name, shipping addresses, and other pertinent information for each transaction involving UL marks, no later than May 25, 2015;

(e) As part of Defendants' obligation to turn over relevant documents and records, Defendants shall provide UL with an inventory of electronic media, including hard drives, thumb drives, and mobile devices in Defendants' possession, custody or control, along with a description of the records stored on each device, no later than June 3, 2015;

(f) As part of Defendants' obligation to turn over relevant documents and records, Defendants' counsel shall work with UL to arrange the forensic imaging of (a) Rebecca Zhu's mobile phone, and (b) hard drives within Rebecca Zhu's desktop computer, no later than May 27, 2015.  The parties shall work together to establish a protocol for review and production of information from these forensic images by June 3, 2015.

(g) Defendants' counsel, as substitute custodian for the Court, shall maintain possession of all documents and things turned over by Defendants pursuant to this order, until the final disposition of this litigation.

IT IS FURTHER ORDERED, that the Clerk is directed to lift the seal currently in place in this matter.

IT IS FURTHER ORDERED, that discovery may begin immediately, and that the time for responding to requests for admissions, interrogatories, and document requests is hereby shortened to eighteen (18) days.

///

1 **IT IS SO ORDERED.**

2 Dated: May 28, 2015

3 _____
4 Troy L. Nunley
United States District Judge