UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UL LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>REBECCA RYNDERS aka REBECCA ZHU, an individual, and ZIMPEX, INC., a California corporation,<br><br>        Defendants. | No. 1:15-cv-00703-TLN-SAB<br><br>**ORDER DENYING MOTION TO WITHDRAW AS ATTORNEY** |

This matter is before the Court on Defendant Rebecca Rynders's Motion for Leave to Withdraw as Counsel of Record. (ECF No. 47.) Defense Counsel Sam X.J. Wu ("Defense Counsel") seeks leave to withdraw as attorney because Defendant Rynders has failed to make any payments according to the signed fee agreement. (ECF No. 47 at 2.) Defendant Rynders declares she is unable to pay and that she no longer wishes to be represented by Defense Counsel. Defendant believes she can represent herself *in propria persona* and, if not, will retain new counsel. (ECF No. 48 ¶ 5.) There is no mention of Defendant Zimpex ("Zimpex") in the motion or the result the withdrawal will have on Zimpex.

Plaintiff UL LLC ("Plaintiff") opposes the motion on three grounds: (1) Defense Counsel is custodian of seized evidence; (2) there was an apparent spoliation of that evidence; and (3) Zimpex, Inc. cannot proceed without representation. (ECF No. 51 at 4–5.) The Court need not

1

address Plaintiff's first two arguments as the third argument is dispositive.

It is a long standing rule that a corporation must be represented by counsel. *See D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F. 3d 972, 973–74 (9th Cir. 2004); E.D. Cal. L.R. 183(a) ("a corporation or other entity may appear only by an attorney."). When a corporation is unrepresented, its answer and counterclaims may be stricken and default proceedings may be commenced against it. *Employee Painters' Trust v. Ethan Enterprises, Inc.*, 480 F.3d 993, 998 (9th Cir. 2007) (recognized default as a permissible sanction for failure to comply with local rules requiring representation by counsel). Additionally, whether or not a corporation may be sued is determined by state law. Fed. R. Civ. P. 17(b).

Defense Counsel states Zimpex filed a certificate of dissolution with the State of California in September 2016, after the commencement of this action. However, Plaintiff accurately points out "[a] corporation which is dissolved nevertheless continues to exist for the purpose of . . . defending actions by or against it." Cal. Corp. Code § 2010(a). Thus, while Zimpex, Inc. may be dissolved for all other purposes it remains a corporation for the purposes of this lawsuit. Defense Counsel offers no argument as to the implication of section 2010 on the attorney client relationship except to restate Zimpex filed a certificate of dissolution in September 2016. Additionally, the Local Rules do not provide an exception for dissolved corporations from being represented by counsel. Therefore, Defense Counsel fails to meet its burden of showing withdrawal is appropriate.

The Court is cognizant of the pending bankruptcy actions for Zimpex and Defendant Rynders. It is hard for the Court to imagine replacement counsel for Zimpex would be readily obtainable under the circumstances. While the Court is sympathetic to Defense Counsel's predicament, the Court is also cognizant of the fact that without replacement counsel Zimpex would be subject to default. Thus, the Court finds the motion must be DENIED as to Zimpex. Defense Counsel may refile a motion to withdraw when and if replacement counsel can be found to represent Zimpex.

As to Defendant Rynders, the Court finds that good cause exists for Defense Counsel to withdraw as attorney of record. Defense counsel provided an affidavit detailing Defendant

Rynders's inability to pay her legal fees and Defendant Rynders does not object to the withdrawal. In fact, Defendant Rynders seeks to represent herself *in propria persona*. (ECF No. 48 ¶ 5.)

For the above stated reasons, the Court hereby DENIES Defendant Rynders's Motion to Withdraw as Attorney without prejudice as to Zimpex, and GRANTS the motion as to Defendant Rynders. (ECF No. 47.) The Court cautions Defendant Rynders and Defense Counsel that Defendant Rynders does not and legally cannot represent Zimpex and they must take precautions to avoid the appearances of such.

IT IS SO ORDERED.

Dated: March 16, 2018

Troy L. Nunley
United States District Judge